# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND H. CARD, JR., | § |
| | § |
| *Plaintiff*, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 5:13-177 |
| | § |
| CAROLYN W. COLVIN, | § |
| Acting Commissioner of | § |
| Social Security, | § |
| | § |
| *Defendant*. | § |

## REPORT AND RECOMMENDATION

Raymond H. Card, Jr. ("Card") seeks judicial review of an adverse decision by the Commissioner of Social Security ("Commissioner") on his application for recalculation of retroactive disability insurance benefits under Title II of the Social Security Act ("Act"). A reviewing court's limited role under 42 U.S.C. § 405(g) is to determine whether (a) the Commissioner applied proper legal standards and (b) the decision is supported by substantial evidence. *See Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009), *cert. denied*, 559 U.S. 962 (2010); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also* 42 U.S.C. § 405(g). Courts cannot retry factual issues *de novo* or substitute their interpretations of administrative records for that of the Commissioner when substantial evidence supports the decision. *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

## I. Background

Card applied for disability insurance benefits on November 28, 2006. (T. 186).[1] He alleged disability commencing on September 15, 2000, due to cervical/lumbosacral herniated discs, hypertension, and diabetes mellitus.[2]

After an evidentiary hearing at which Card was represented by legal counsel, administrative law judge, Robert J. Lazarus ("ALJ Lazarus"), issued a fully favorable decision on May 29, 2008. (T. 184-88). ALJ Lazarus decided that Card became disabled on September 15, 2000, exactly when Card claimed. (T. 187-88).

Card received (and continues to receive) correctly-calculated *prospective* disability insurance benefits. He also received an award of *retroactive* benefits in February, 2009. (T. 141). That award, however, contained benefits dating back to only November, 2005, not September 15, 2000, the date of disability onset. (*Id.*).

Card requested reconsideration, alleging that the retroactive benefits award was incorrect because he was found disabled from September 2000. (T. 140). Card's request for reconsideration was denied administratively. (T. 150-51). Card filed a timely request for an evidentiary hearing. (T. 152).

On September 8, 2011, Card appeared *pro se* and testified[3] before administrative law judge Edward I. Pitts ("ALJ Pitts"). (T. 190-214). On

---

[1] "T." followed by a number refers to the page of the administrative record. (Dkt. No. 15).

[2] On September 14, 2000, Card was injured in a car accident, which rendered him unable to return to work as a New York City Correctional Officer. (T. 62-63, 147, 207).

[3] ALJ Pitts advised Card of his right to representation, but Card refused and elected to go forward with the hearing. (T. 193).

October 7, 2011, ALJ Pitts issued a decision finding that retroactive benefits had been calculated correctly, and Card was not entitled to receive benefits prior to November, 2005. (T. 11-15). The Appeals Council declined review on December 14, 2012. (T. 4-7). Card then instituted this proceeding.

## II. Commissioner's Decision

ALJ Pitts concluded that a retroactive-benefits award is limited by law to no more than twelve months immediately before the month in which an application was filed. Because Card's application was filed in November, 2006, his retroactive benefits could not be paid for a period of time commencing earlier than November, 2005. Since Card was paid retroactive benefits for twelve months immediately before the month in which his application was filed in 2006, his award was correct, and Card, therefore, is not entitled to more. (T. 13).

ALJ Pitts considered instances whereby Card might avoid strict application of the twelve-month limitation, but found no evidence to support such action. Therefore, Card's application for recalculation of additional retroactive disability insurance benefits was denied. (T. 13-15).

## III. Points of Alleged Error

Card believes that ALJ Pitts erred in finding that retroactive benefits were due beginning only in November, 2005, because ALJ Lazarus determined that his disability onset date was retroactive to September 15, 2000. (Dkt. No. 17, p. 3). Card also proffers an unclear argument to the effect that he was promised "denial documentation" from social security offices in Brooklyn, New York and Long Island areas with respect to an earlier application, but such paperwork never arrived. (*Id*.). Card testified that he had applied for disability "another time," and suggested he did so "several" or "numerous" times. (T. 195-

96). He could not recall the dates, but stated this occurred prior to his favorable disability application. (T. 196-97, 209).

## IV. Governing Principles of Law

*A. Statutory Limit on Retroactive Benefits*

Insured and disabled individuals are entitled to monthly cash benefits when they meet certain statutory requirements. *See* 42 U.S.C § 423(a)(1).[4] Qualifying claimants, however, may only receive disability insurance benefits for up to twelve months immediately before the month when their applications were filed. *See* 42 U.S.C. § 423(b); 20 C.F.R. § 404.603. As a general rule, the filing date of an application is the date it is received by a Social Security Administration ("SSA") employee. *See* 20 C.F.R. § 404.614. The application filing date, therefore, is a condition precedent to entitlement to retroactive benefits regardless of the date of disability onset. *See Morton v. Barnhart*, No. 02–CV–4166, 2003 WL 1856530, at *4 (S.D.N.Y. Apr. 4, 2003) (quoting *Driver v. Heckler*, 779 F.2d 509, 511 (9th Cir. 1985) (citations omitted)).

Courts do not recognize equitable or similar fairness exceptions to this statutory limit. The Sixth Circuit explains:

> Prior to 1958, there were no retroactive benefits. When Congress amended the statute to allow such benefits, it limited them to twelve months. . . . Congress was aware that persons were losing benefits they otherwise were entitled to because they did not file timely applications. Nonetheless, in unambiguous language, it chose to limit retroactivity to twelve months.

---

[4] To satisfy these requirements, claimants must (1) be under a disability; (2) be insured; (3) complete a 5-month waiting period (or be exempt from the requirement); (4) not have reached full retirement age; and (5) have filed an application for Title II benefits. *See* 42 U.S.C § 423(a)(1).

*Yeiter ex rel. Yeiter v. Secretary of Health & Human Servs.*, 818 F.2d 8, 9 (6th Cir.), *cert. denied*, 484 U.S. 854 (1987).[5]

B.   *Amending Date of Application*

While this statutory limitation cannot be waived or excused on equitable or similar grounds, its diminishing impact can be avoided or ameliorated by adjusting the date that a disability application is deemed to be filed. One narrow possibility for adjusting that date is to reopen a prior proceeding wherein an unfavorable decision was entered. *See* 20 C.F.R. §§ 404.988, 404.989. In that event, an administrative judge may readjudicate the prior period. If the claim for the prior period were granted, it might establish an earlier date for entitlement to benefits.

Another possibility is to consider an informal written statement, such as a letter, indicating intent to claim benefits, as the application filing date. *See* 20 C.F.R. § 404.614. A third possibility arises when a SSA employee provides a claimant with incorrect filing information, in which event an application may be deemed to have been filed as of the date the SSA employee provided the incorrect information. 20 C.F.R. § 404.633(a)-(g).

## V. Discussion and Analysis

Card's successful application was filed in November, 2006. The statute limits his right to retroactive benefits to twelve months before the month in

---

[5] *See also Howard v. Barnhart*, 2006 WL 305464, at *3 (S.D.N.Y. Feb. 7, 2006) (collecting cases); *Tusson v. Bowen*, 675 F. Supp. 1032 (E.D. La. 1987) (no violation of claimant's rights to due process or equal protection when denying the claimant retroactive benefits for the entire period he was disabled, even though he was unable to file for a period of years because of a mental disability, because the twelve-month limit on retroactive benefits applied), *aff'd*, 847 F.2d 284 (5th Cir. 1988); *Sweeney v. Secretary of Health, Educ. & Welfare*, 379 F. Supp. 1098, 1100 (E.D.N.Y. 1974) (holding "there seems no doubt that equitable considerations are irrelevant" to the application of a statutory requirement that has a clear meaning, such as the limit on retroactive benefits).

which his application was filed. Card received retroactive benefits from November, 2005. Hence, under a straightforward application of the statute, Card's retroactive-benefit award was correct.

ALJ Pitts, however, did not base his decision solely on a laconic application of the statute. Consistent with his heightened duty to "adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered,"[6] ALJ Pitts examined the record to see whether Card might benefit from an amended application date. (T. 13-15). He concluded that the relevant evidence does not permit such action. (*Id.*).

Card's appeal, therefore, turns on whether ALJ Pitts erred when coming to that conclusion. Each underlying finding is now reviewed separately.

1. Reopening Prior Application

Card filed an earlier application on December 31, 2001, alleging disability commencing September 15, 2000 (same date as alleged in successful 2006 application) based on the same disabling conditions. (T. 56-58). In that proceeding, administrative law judge, Richard Karpe ("ALJ Karpe"), dismissed Card's application, citing Card's failure to appear at both an initial and rescheduled evidentiary hearing. (T. 34-37; *see also* T. 32-33, 47-55). Card requested review of the dismissal, but the Appeals Council denied. (T. 26-27). Card did not seek judicial review in federal court; hence, the dismissal dated

---

[6] *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).

November 17, 2003, and the initial determination dated April 24, 2002, constitute a final determination and remained in effect.[7] (T. 13).

ALJ Lazarus's favorable decision in 2008 was silent on the issue of reopening the prior 2001 unfavorable decision. (T. 184-88). ALJ Pitts observed, however, that because Card alleged the same onset date of disability (*e.g.*, September 2000), his 2006 application should have been treated as an implied request for reopening of the prior 2001 determination. (T. 13-14). ALJ Pitts then proceeded to determine whether this implied request could be granted.

A prior adverse determination may be reopened *at any time* when it was based on fraud, similar fault, clerical error, or other basis (irrelevant here) identified in an implementing regulation. *See* 20 C.F.R. § 404.988(c). ALJ Pitts found no evidence of fraud or similar fault, and Card does not argue that ALJ Karpe's earlier denial of his disability claim was in any way tainted by deliberate misconduct, deception or other unconscionable action. Hence, Card's application date cannot be amended under 20 C.F.R. § 404.988(c).

A prior adverse decision adjudicating a claim for disability insurance benefits also may be reopened *for good cause*. "Good cause" for reopening is defined as:

(1) New and material evidence is furnished;

(2) A clerical error in the computation or recomputation of benefits was made; or

---

[7] "A final decision of the Social Security Administration (SSA) must be appealed to federal district court within 60 days of the claimant's receipt of notice of the decision." *Velez v. Apfel*, 229 F.3d 1136 (Table), 2000 WL 1506193, at *1 (2d Cir. Oct. 6, 2000) (summary order) (unpublished disposition) (citing 42 U.S.C. § 405(g)). Once the 60-day window closes, the court no longer has jurisdiction to hear the claim. *See Bradford v. Astrue,* Civ. No. 09-6062-CL, 2009 WL 3674417, at *2 (D. Or. Nov. 4, 2009).

> (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

20 C.F.R. § 404.989(a)(1)-(3). Reopening for good cause, however, must occur *within four years* of the initial determination. *See* 20 C.F.R. § 404.988(b). Since more than four years elapsed between the date the initial adverse decision became final and the date Card reapplied in 2006, ALJ Pitts could not reopen for good cause.

### 2. Interim Application

Card claims that he filed one or more interim applications between his unfavorable and favorable decisions. (T. 195-200, 209-10, 212). He claimed that he spoke with someone about such application(s) at an unspecified social security office on unspecified dates. (T. 195-200, 209-210). This raises a possibility that his application filing date might be amended to a date earlier than November, 2006.

The date of an informal statement can be used as the application filing date when (a) the statement indicates an intention to claim benefits; (b) the statement is signed by the claimant or another person who is a proper party to file the application, or the claimant, the claimant's spouse, or another person described in 20 C.F.R. § 404.612 provides similar notice by telephonic or internet communication; (c) a prescribed formal application is filed within six months after the SSA sends a notice to the claimant that a formal application is necessary; and (d) the claimant is alive when the prescribed application form is filed or, if deceased, the prescribed form is timely filed by a person acting on the claimant's behalf. *See* 20 C.F.R. § 404.630(a)-(d).

Following the evidentiary hearing, ALJ Pitts left the record open for two weeks to permit Card to obtain copies of any interim application(s) and/or any

other paper work that Card deemed as supporting his claims. (T. 211-213). Card, however, submitted only a letter addressed to ALJ Pitts, dated September 20, 2011. (T. 182-83). That letter made no mention of having filed any other applications for benefits. (*Id.*).

ALJ Pitts also conducted an independent search of Social Security Administration records. (T. 14). That search revealed only Card's unsuccessful 2001 application and his successful 2006 application. (*Id.*). Accordingly, ALJ Pitts concluded Card's claim of an interim application(s) to be without merit. (*Id.*).

Substantial evidence supports this finding.

3. <u>Misinformation from Social Security Administration</u>

Card testified that he spoke with someone at an unspecified social security office about an application or applications. (T. 195-200, 209-210). Card does not recall the date or stage of the application process, but alleges he spoke with a Mr. Sanchez, who advised him he had ten days to submit evidence. (T. 210). Card claimed he submitted evidence within two days; however, when he spoke with Mr. Sanchez again to confirm receipt of the evidence, the case had already been closed. (T. 211).[8]

When an SSA employee provides a claimant with incorrect filing information, a subsequent application may be deemed to have been filed as of the date the SSA employee provided incorrect information. 20 C.F.R. § 404.633(a)-(g); *see Grubart v. Chater*, 104 F .3d 353 (Table), 1996 WL 685767,

---

[8] ALJ Pitts speculated that Mr. Sanchez could have been with the Disability Determination Service, which does initial investigations, and that Card's conversation involved an intermediary step, a reconsideration decision, where he would move to the next step in the process. (T. 210-11).

at *1 (2d Cir. Nov. 29, 1996) (unpublished disposition) (recognizing that when a claimant fails to apply for benefits because he was misinformed by an employee of the Social Security Administration, the claimant may be deemed to have applied for benefits on the later of the date on which the misinformation was provided or the date on which the individual met all of the requirements for entitlement to the benefits).

A claim for a post-application filing date based on such misinformation "must contain information that will enable the [SSA] to determine" that it did provide misinformation regarding eligibility for benefits. 20 C.F.R. § 404.633(f). There are four such requirements: (1) the information was provided by an employee acting in his or her official capacity, (2) the information was incorrect, misleading, or incomplete in a situation when providing additional information was required, (3) the information was provided orally or in writing, and (4) the information was provided in response to a specific request from the claimant about eligibility for benefits. *See* 20 C.F.R. § 404.633(c)(1)-(4). For a claimant to show that he was so misinformed, preferred proof is written evidence or a record of a telephone, letter, or in-person contact relating to the claimant's inquiry. 20 C.F.R. § 404.633(d)(1)(i)-(ii). Although other evidence will be considered, the Commissioner will not find that a claimant was misinformed "based solely on [the claimant's] statements." 20 C.F.R. § 404.633(d)(2).[9]

Card submitted no documentary evidence to support his testimony. ALJ Pitts also observed that there is no evidence in the record showing that a Social

---

[9] Previous lack of knowledge about rules concerning receipt of benefits is not sufficient to establish an earlier filing date. *See Binder v. Barnhart*, 307 F. Supp.2d 471, 473 (E.D.N.Y. 2004) (holding that claimant was not entitled to an earlier filing date because "a lack of knowledge of the applicable rules does not fall within one of the circumstances when the [SSA] could recognize an earlier application filing date"); *see generally* 20 C.F.R. §§ 404.612, 404.614, 404.630.

Security employee provided Card with misinformation regarding his eligibility for benefits which caused him not to file an application for Title II benefits between his first application filed in 2001 and his current application filed in 2006. (T. 14). ALJ Pitts, therefore, found that Card failed to established entitlement to an earlier filing date based on misinformation provided by the Social Security Administration. (*Id.*).

Independent review confirms the accuracy of ALJ Pitts's assessment of lack of corroborating misinformation evidence. And, since Card's testimony, standing alone, is not enough to establish misinformation sufficient to allow an earlier filing date, there is no demonstrated error in ALJ Pitts's conclusion that Card is not entitled to an adjusted application filing date.

## VI. Conclusion and Recommendation

Card is not entitled to a retroactivity period greater than the twelve months prescribed in 42 U.S.C. § 423(b). The plain meaning of the Social Security Act provides for retroactive benefits only for one year prior to the claimant's application date–*i.e.*, November 2005. Substantial evidence supports ALJ Pitts's conclusion that, under applicable legal principles, Card is not entitled to a redetermination of his application filing date to a date prior to November 2006.

The Commissioner's decision should be AFFIRMED and Card's request to remand this action for review of underpayment of retroactive benefits should be DENIED.

## VII. Objections

Parties have fourteen (14) days to file specific, written objections to the Report and Recommendation. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THE REPORT, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Graham v. City of New York*, 443 Fed. App'x 657, 658 (2d Cir. 2011) (summary order); *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995); *see also* 28 U.S.C. § 636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Signed on the  10   day of    April    2014.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge